United States Court of Appeals for the 11th Circuit. Hear ye, hear ye, hear ye. United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning and welcome to this virtual session of our oral Judge Douglas Ginsburg of the District of Columbia Circuit. He has sat with us before and has really helped us out in the past and we are very, very happy that he has agreed to join us again. Ms. Tisa will give you a warning at the designated time depending on when you've asked for your rebuttal time. And with that, we're almost ready to begin. If we take you beyond your time, just keep going. You're on our time and not yours. And with that, we'll begin with our first case, which is number 20-13293 United States v. Horace Cook. Mr. Adler, whenever you're ready. Thank you, Your Honor. May it please the court, Andrew Adler from the Federal Defender's Office on behalf of Horace Cook. The coronavirus has ravaged American prisons. Cramped and communal conditions of confinement coupled with pervasive health problems have proven to be a deadly combination. As a result, over a thousand federal prisoners have received compassionate release over the last year. While many federal courts have risen to the challenge, the district court here hypertension, prediabetes, and latent tuberculosis. After the virus permeated his prison where it continues to rage to this day, he went to federal court pleading and fearing for his life. The district court could not have been more dismissive. Without waiting to hear from the government and without even mentioning the pandemic, the district court issued a one-sentence conclusory denial saying that Mr. Cook's age and ailments were not extraordinary and compelling reasons for a on appeal is we don't know what that denial means or what the basis for it was. For starters, we don't know if this was an eligibility or a discretionary denial. That ambiguity alone requires vacatur under this court's recent decision in Jones, especially given the government's eligibility concession on appeal. Although unclear, we think the order is best read as a discretionary denial, but that discretion must be guided by 3553A and there is no indication that the district court here considered the factors or even knew that it had to. The order itself doesn't cite 3553A. It makes no mention of Mr. Cook's compelling mitigating arguments based thereon and it makes no mention of even a single fact pertaining to the underlying criminal case. Mr. Adler, can I ask you a question please? Sure. Does a court move to the 3553 factors only if it finds that there are to consider section 3553 as a holistic matter in making that extraordinary compelling determination in the first instance? Your Honor, my understanding is it's the former that the extraordinary and compelling reasons is a separate sort of threshold requirement for eligibility that is made without regard to 3553A and once there are extraordinary and compelling reasons found, then the court moves to consider whether 3553A warrants a reduction. That's how most of the courts around the country have considered this, including the Sixth Circuit in Jones, and that I think is how the Sentencing Commission has understood this. If you look at the policy statement in 1B-113, which to be clear, we don't think that is a controlling policy statement at this time, but I think it helps answer Your Honor's question. If that's the answer then, the district court here, although it was very, very brief, said that Mr. Cook's medical conditions and his age did not amount to extraordinary and compelling circumstances. So what is your contention with regards to how we have to interpret that language, the extraordinary and compelling language in the statute? Well, Your Honor, I don't want to fight the hypothetical, but I don't know that that's what the district court said, because it said there's no extraordinary and compelling reasons for a reduction to time served. So the court might have meant what you just said, or the court might have meant, yes, there are extraordinary and compelling reasons, just not enough to get us down to time served. And if it was the latter, then that's really a discretionary ruling that goes to the length of the reduction. But as to the court's question on extraordinary and compelling and how we interpret that, I think it's a mixed question of fact and law. The court would review factual questions about a prisoner's medical conditions, about the conditions of confinement, about the current situation with the pandemic. And those are factual questions. And then whatever those facts are, do they rise to the level of extraordinary and compelling? Mr. Adler, this is Judge Marcus. Let me just follow up. When I read Judge Moreno's order, I read the substance of what he was saying to mean that his age and his ailments, whether individually or in concert, were not enough to establish extraordinary and compelling circumstances. Isn't that the fairest way to read what he was saying? Your Honor, I don't think so. But if the court reads it that way, the government is, of course, conceding. Yes, I understand. I will get to that. But I understand the government has conceded that at least one of these conditions, obesity, amounts to an extraordinary and compelling circumstance. But he was, he, the district court judge, was not obliged to accept the government's concession. He might have said a body mass index of 36 just isn't enough for me. I don't know. I can't really tell whether it was because of obesity, whether it was obesity, hypertension, latent tuberculosis. I just read that in the aggregate, he said this bundle of conditions wasn't enough. I don't read him as having said anything about danger or anything like that. It looks to me like he went off on these reasons and said, taken together, they were not enough. Isn't that the fairest way to read what he would say? And if the answer to the question is yes, he, he, it is, how do we set that aside and say, he couldn't reach the conclusion that this bundle of ailments and age was not enough? So your honor, I think the fundamental problem here is we have no idea what this order means. And the fact that we're even disputed debating it is itself a problem. And the best way to resolve it is to send it back and ask for a, for more reasoning. Now, if, if the court met, if the district court met what your honor just said, I think that of course the government is conceding, but that is wrong. And I think that's a legal error because given the facts in this record about the pandemic, there was multiple declarations from PhD officials about the pandemic, how it's transmitted. Mr. Cook's medical records are there. He's got a tier one CDC risk factor with obesity courts around the country have almost unanimously recognized that the combination of the pandemic and a tier one CDC risk factor like obesity together are extraordinary and compelling. And it's really what the judge had said was the obesity level of a body mass index of 36 and change is not as I see it sufficiently extraordinary or sufficiently compelling for me to reduce the sentence to time served. Suppose you had put it that way, notwithstanding the fact that the government had taken a different position. Would we have to reverse him? Would we be obliged to reverse him? If his order was that clear? I think in that situation, we would have a question. Is that, was that a legal error? And I, that would be a harder question, but I think that would be, because it's really hard to imagine how this situation is not extraordinary and compelling. This is a once in a century event where thousands of people are contracting a deadly virus in prison. They can't do it. Council two minutes. There's nothing they can do. They're at the mercy of BOP officials. In Mr. Cook's own facility right now, there are over a hundred inmates currently that have tested positive. There have been over 600 in his facility that have contracted it. This is really literally a once in a century situation. So this doesn't rise to the level of an error of law or an error I think it would be an error of law because there would not be a factual dispute in that hypothetical. And his DMI would be 36.7. That's, you know, undisputed factually. There'd be no factual questions. If the district court had said, well, I don't think he has established that he has obesity. Well, then that would be a factual determination to be reviewed for clear error. So. Mr. Adler, there's a fair amount of medical literature now, which indicates that a whole host of preexisting medical conditions can create really adverse situations for people who are exposed to the COVID-19 virus. So what leeway, if any, does a district court have in trying to distinguish between all of these different types of conditions and figuring out which ones constitute extraordinary and compelling circumstances? I think there may be some leeway there. But of course, in this situation, there was no competing literature. The government didn't even file a response in this case. And I think what all the courts have been doing is looking to the CDC because the CDC is the authoritative institution on this. And it puts out on its website, there's two tiers of at-risk conditions. The first tier has about a dozen conditions that the CDC has determined do create serious risks of severe illness from the virus. And then there's a second tier with conditions that may create a risk of severe illness. And so that's what courts have been looking to. Now, where there is another condition that's not on the list, then it gets a little trickier and a district court can get into competing studies, scientific studies. But we don't have that here, at least with regard to obesity and hypertension. Those two conditions are on the CDC's website. They're a tier one and tier two risk factors. And Mr. Cook basically also has type two diabetes, which is another tier one factor. If you look on page five of exhibit one of our motion, at the bottom, it says he's got an A1C level of 6.3, which is just shy of type two diabetes. And that was back in July. So he's basically got two tier one risk factors at this point. I take it we're reviewing the ultimate determination for an abuse of discretion, right? If the court believes that this was a discretionary ruling, then yes. And there would be an abuse of discretion, as we point out, because there's no indication that the court considered 3553A. And there's just no way to meaningfully review a discretionary ruling in this case. We don't know what the district court was going on here. Robert, if I remember correctly, Cook also argued that, or based his petition on his claim that he was serving a disproportionate sentence in light of subsequent sentencing developments. Is that correct? That is one of our 3553A arguments, exactly. He's no longer a career offender today. His range would be 46 to 57 months, a dramatic reduction from the original 151 to 188. And that enhanced range is what dictated the original sentence back in February of 2013. I understand what you just said. That is purely a 3553 consideration, which the court might not get to if it doesn't find extraordinary and compelling circumstances. Oh, the way we argued in the motion was as a 3553A consideration. I think the court would get to that if it found that there were extraordinary and compelling circumstances, then it would move to that. And I think it's just important to emphasize how much has changed since the original sentencing back in 2013, not just the pandemic. He's got the career offender situation. He now has family support, which the district court was very concerned about at the original sentencing. He now is engaged to be married. He's satisfied his restitution obligations. He's demonstrated rehabilitation. So, so much has changed. And I don't think we can infer consideration of 3553A just from the original sentencing transcript. And that's all we have here to go on. Thank you. Thank you very much. You've saved all of your time for a rebuttal. Thank you. Ms. DelZell. Good morning, your honors, and may it please the court, Catherine DelZell on behalf of the United States. As this court has acknowledged, or as opposing counsel has acknowledged rather, this order is best read as a discretionary denial. Indeed, the extraordinary and compelling language in the statute implies a degree of discretion. Now our position as the government is that obesity qualifies here because it is a tier one risk factor under the CDC's guidelines. And we believe that under the policy statement, it limits Cook's ability to provide self-care in prison. However, the district court may have thought and appears to have thought here that just because it qualifies, it is not necessarily extraordinary and compelling. There could be some space between those conclusions. So in line with the- This is a big problem, counsel, that we have. Is it, we don't, we don't really know, do we? Why he did what he did. I mean, he could have said, he could have thought that perhaps these conditions either alone or in concert were sufficient, but he was a danger. He had all of these priors, et cetera. He could have thought that he hadn't served enough time. He could have thought at 47, the risks when, when measured with the, the prior offenses yield the inference of likely recidivism. He could have thought a lot of things, but the problem I am having is I don't know why he did what he did unless I just take it on his face and say, he didn't find any of these conditions either alone or in concert to be If that was his view, do we have to sustain it? Or shouldn't we just send this thing back and say, tell us why you're doing what you're doing. If you think he's a danger, just tell us. If you think obesity isn't sufficiently compelling or extraordinary, notwithstanding the concession the government has made, tell us. Why shouldn't we get a more detailed exploitation here on this issue at this time from the trial judge? Yes, your honor. I'll explain briefly why I think that's not necessary in this case. But I do upfront want to acknowledge, I mean, the government of course understands that this is a two sentence order and it could be beneficial to have more explanation in situations like this. But just to briefly explain why we think it's not necessary to remand in this case. I think it's important to remember that this is the same judge that sentenced cook originally. And, you know, we have Supreme court precedent and Chavez Mesa saying that, you know, when you have that situation, it's the same judge. You can look to the record. And if it's clear from the record, why the district court made this ruling, you can consider that. And I think when you look at the sentencing factors, the district court considered at the original sentencing, I mean, he went through an exhaustive analysis and it's very clear that the court was concerned about danger to the public. Mr. Cook has quite serious mental illness. The court focused on that. He also has a recidivism issue. The court focused on that. I mean, the court said expressly at sentencing, someone could get killed. And even Mr. Cook's defense lawyer at sentencing agreed that there's quote, no question he needs to be in prison and he needs help. So I think when you look at the record as a whole, combined with the district judges statements here, it's clear. And it's also important to note that since you say, if you look at the record as a whole and you look at what's happening here, it is clear. What's the reference? What is clear? What are you telling me? I should find the trial judge was doing here. What was his reason? Well, I think that, like I said, I think that Chavez Mesa, the Supreme court decision says, you know, you can look at the record to determine what the reasoning was. So in this instance, it would be the court's decision on the compassionate release motion. And the record here supports the discretionary denial. And again, he was very concerned about the public danger aspect. And all he had to do is say, I was concerned about the danger, the long record, the potential for recidivism. All he had to say is one more sentence, but he says nothing about any of that. The only thing that he cites is age and ailments and says in concert, it ain't enough. So you seem to suggest that I should read this as saying he went off on those other reasons, rather than his finding that these ailments were not enough. That's my problem. I just can't tell why he did what he did. And from the very argument you're making, it sounds like you can't tell either. Am I miss stating your view on that? Oh, your honor, I don't believe you're misstating my view. And as I said, we recognize this is a two sentence order and more clarity could be beneficial. And if this court would like more clarity and would like to seek a remand, just frankly, the government will not object to that. I again, I do think that from the record as a whole, combined with what the district court said here, it just jumps out from the record that Mr. Cook is not being released given his considerations. And again, the questioning toward my opposing counsel suggested that, you know, overall, this is a discretionary determination. And even though the government concedes that obesity qualifies as something that could be extraordinary and compelling, the district court didn't need to agree. I mean, there's some degree of discretion. So again, overall, I think that the record supports this, but if the court would like more explanation, I mean, we just, we don't object to that. Here's one of my concerns to play devil's advocate on the other side, Ms. Delzell, and that is that we're certainly aware of the government's position with regards to obesity, but the district court was never aware of that position because it ruled before the government's time to respond had run. And so I wonder whether or not the district court would have at least added some more language or some more discussion, understanding the government's position, maybe even to say, I disagree with the government's position. And obesity is not an extraordinary and compelling circumstance alone or in conjunction with all of the other ailments. I'd be much more comfortable with an affirmance if the district, for the reasons you've stated, if the government had been able to respond and we knew that the district court at least knew the government's position, but again, to play devil's advocate, it wasn't aware of the government's given your time to respond. The district court ruled a couple of days before your time ran. So that's at least one of my potential concerns. And I don't disagree with that. I mean, I think that ideally in such situations like this, it is helpful for the government to have its position on the record. Again, I think that our position on appeal is simply that the record makes it pretty clear what the problems with releasing Mr. Cook are and why the district court thought that at least in the past and nothing, Mr. Cook has cited nothing that changes that. I mean, he hasn't presented any evidence that his mental illness is gone. He hasn't presented any evidence that he's no longer dangerous. So we think a remand is not necessary, but again, it's... The essence of the question amounts to this. As an appellate court conducting review, we've got to have a handle on why the district court ruled the way it did. And the reason that it offered is in conflict with the very position taken by the United States, at least as to the question of obesity. That's the problem that I'm having. It may be obesity with a body mass of 42 would be looked at in a different way than if the body mass was 31. These are peculiar fact-laden kinds of questions, but we don't have anything to help us along the way. Let me just ask one other question. What's the government's view about hypertension? Can that be an extraordinary and compelling circumstance if the hypertension is extreme enough and is uncontrollable by medication? The government's view on hypertension, I mean, that is a tier two category under the CDC's definition. So the CDC has said hypertension doesn't necessarily increase the risk, but it may. And so the government in hypertension cases has evaluated those on a case-by-case basis across the country. In some circumstances, the government may agree that hypertension is an extraordinary and compelling circumstance, but it has not agreed in all cases. And we didn't take a position on that here in this case, simply because we do believe that obesity qualifies as an extraordinary and compelling circumstance. And so Mr. Cook makes it through that door here. But the government's position, we evaluate hypertension on a case-by- case basis. Let me ask just one final question. Is this finding that obesity, hypertension, latent tuberculosis are not extraordinary and compelling circumstances in your view of finding a fact or a mixed question of law and fact? It's an interesting question. And as far as I from my research, I don't think a court has in a published decision done a deep dive on the standard of review in these cases. We have thought about that. I would say, as the government, obviously, we think that the policy statement remains binding on district courts. We would say obesity qualifies as something that inhibits a prisoner's ability to provide self-care and the we would say that is a legal determination. However, it may be that even something that qualifies under the policy statement, a district court might not need to accept that. And so it could be still a matter of discretion, whether even though a petitioner qualifies under the policy statement criteria, the district court may still have discretion to say whether he at the end of the day, I do think it's an abuse of discretion review. I think the court in determining what medical condition the petitioner has, that could be a factual determination subject to clear error review. If the prisoner says, I have hypertension, but there's simply no support for that, that might be reviewed for clear error. But ultimately, I think this is a discretionary ruling. But that is an interesting case that or question that hasn't been fleshed out in the briefing in this case. Council two minutes. Thank you. And when you say right about now has unfolded an argument. We go back to your statement, we don't really object to arena. And what you're just saying about abuse of discretion review. Are you saying that you don't object to the court determining that the district judge abused his discretion, as opposed to saying that we can't tell whether the district judge I believe in this case, I mean, I would not agree that the district court abused its discretion here. At most, I think there could be a remand for more clarification. But in our view, the denial here is not an abuse of discretion. So I understand your position to be to make it crystal clear the issue that my colleague has raised. I understand your position to be that the appellate court perhaps cannot perform an appellate function of review, because it simply cannot tell whether the court went off on grounds A, or B, or both. And that's a reason for remand. Um, yes, I mean, we would not. Well, it's either they abused it, or it's either that or he abuses discretion. That seems to me to be the universe of options. I wouldn't say he abused discretion. It may be that the court finds that it can't review here because there's insufficient detail. And that's where the government, you know, we acknowledge that more reasoning could be beneficial. Again, given the whole record, we don't think an abuse of discretion happened here. But we would not object to a remand for detail. Suppose we do that. Is it your view that the court in that case, that is in that situation, should retain jurisdiction? Or, pardon me, an issue in order to be asking the district judge to give his reasons within a period of time, say 30 days? Um, that seems okay, from my perspective. And so what you're, what your honor is saying is that the district court would just have the opportunity to provide more reasoning. Am I understanding you correctly? That's correct. Adequate to explain the decision, or perhaps having heard from the government, the court's position will change. Correct, correct. We would not object to that. All right. All right. Mr. Ozzel, thank you very much. We appreciate it. Thank you. Okay, Mr. Adler, you've got your rebuttal time left. Thank you, your honor. I'm a little bit puzzled because I'm not sure what we're doing here. If the government has no objection to sending this back, and it seems to have been a waste of everyone's time here. These are life and death circumstances here. We are not asking for much. We're just asking for the district court to provide an intelligible reason for its ruling, so that I can explain what happened here to Mr. Cook. It is incredibly frustrating as a lawyer, not to be able to tell my client why he lost a properly filed, compelling, compassionate release motion, especially where the stakes are so high, and where similarly situated people around the country are getting relief. It's very frustrating, and it does real damage to the legitimacy of the justice system when that happens. I'll only get down, if I could, to the essentials. You agree that a remand is required here because it's difficult for an appellate court to do its function of review, because we don't really know with any degree of confidence whether it was his view that obesity was or was not here extraordinary and compelling, or whether there was something else in the background that may have compelled the district court's opinion, like recidivism, prior record, or something like that. That's right. We know basically virtually nothing about what happened here, and we don't know, most importantly, whether the court considered the 3553A factors. I don't want this court to send this back just for more reasoning, because the result, as Judge Ginsburg just said, may very well change after the court considers the 3553A factors, because so much has changed since the original sentencing determination. We disagree with the government that you can divine what the district court was to put legal gloss on what you're saying. Your view is we should vacate and remand. Correct. I think the best would do what amounts to a limited remand. That's correct, Your Honor, and the cases that I think the court should look to on that are the Anthony Johnson decision that this court decided in 2017 in the context of an early termination for supervisory release. The court said was that where the court cannot meaningfully review the denial of the discretionary sentencing determination, it's got to vacate and remand. The inability to conduct meaningful appellate review is a form of abusive discretion, especially where you cannot determine whether the 3553A factors were considered. It's all part of the same legal analysis. I understand those all really the same thing. I think what we're asking the court to do is to look at the Anthony Johnson decision, the Douglas decision as well in the 3582C2 context, apply the same principles there to the compassionate release context, because it's really structurally analogous, and there's no reason why those principles shouldn't apply. At the end of the day, we're really not asking for much. We're not saying the district court has to grant relief. We're not saying the district court must prepare a lengthy statement of reasons. Indeed, as Judge Markett said, a substantive sentence or two might very well do the trick. We're just asking the district court to give us enough reasons so that I can explain to Mr. Cook why he won or lost, and if he loses, enough reasons so that this court can conduct meaningful appellate review under an admittedly deferential abusive discretion standard. That's all we're asking for this year. How long did it take between your submission and the judge's order? I'm sorry, our motion in the district court? I believe it was 12 days, because the government had not had its time to respond. I believe it had 14 days to do so, but it was before the government's deadline. I believe it was 12 days, but in any event, I think the case might very well be different if the government had responded. Maybe the judge would have changed its position. Maybe it would have given more reasons, but at the end of the day, we just don't know, and so I think this court cannot fulfill its role in the initial hierarchy here, where we just don't know what we're looking at here. So if the court has no further questions, we respectfully request that the court vacate the district court's order and remand, and we thank the court as well for expediting this appeal. All right, thank you both very much. We really appreciate the argument. Thank you.